UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

KYLE S. NOVOTNY,

                                        Plaintiff,                    9:26-CV-0145
                                                                     (AJB/PJE)
                    v.


LIEUTENANT THERIAULT, et al.,

                                        Defendants.

_____

APPEARANCES:                                      OF COUNSEL:

KYLE S. NOVOTNY
Plaintiff, pro se
22-B-0276
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508

ANTHONY J. BRINDISI
United States District Judge

## DECISION AND ORDER

Plaintiff Kyle Novotny ("plaintiff") commenced this pro se action pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").

In a Decision and Order filed March 30, 2026 ("March Order"), this Court granted plaintiff's IFP Application and, following a review of the complaint pursuant to 28 U.S.C. § 1915(e)(B) and 28 U.S.C. § 1915A(b), concluded that the following claims survived review and required a response: (1) Eighth Amendment excessive force claims against Payne, Villenueve, C.O. Theriault, Doe 1, Fleury, and Larock; (2) Eighth Amendment failure-to-

protect/intervene claims against C.O. Theriault, Fleury, Larock. Doe 1, Doe 2, Lt. Theriault, and Villenueve; (3) Eighth Amendment deliberate medical indifference claims against Payne and Fleury; and (4) Fourteenth Amendment due process claims against Decker and Willard. *See* Dkt. No. 7.  Conversely, the Court dismissed (1) claims against all defendants in their official capacity, with prejudice; and (2) harassment claims against Cowles, as well as claims related to false misbehavior reports and conspiracy, without prejudice, for failure to state a claim.  *See id.*

Because the disciplinary determination subjected plaintiff to "mixed sanctions" affecting both the duration and the conditions of his confinement, plaintiff was advised that, in order to proceed with his due process claims against Decker and Willard, he must submit a "*Peralta*[1] Waiver" within thirty (30) days of the filing of the March Order.  *See* March Order at 18-19, 22.  On April 20, 2026, plaintiff timely filed said waiver.  Dkt. No. 10.

As noted, this Court advised plaintiff in the March Order that, in order to proceed with his due process claims, plaintiff must first submit a "*Peralta* Waiver" which "waives all claims in this action relating to disciplinary sanctions affecting the duration of his confinement (i.e., the recommended loss of good time)," in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement.  March Order at 19; s*ee also McEachin v. Selsky,* 225 Fed. App'x 36, 37 (2d Cir. 2007) (finding that where an inmate brings a "mixed sanction" claim, the district court must provide the inmate with the option to "waive all claims relating to sanctions affecting the duration of his imprisonment in order to proceed with claims challenging the sanctions affecting the conditions of his confinement").

---

[1]  *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006).

In his submission, plaintiff referenced the March Order and provided a statement that reads:

> I, Kyle S. Novotny, Plaintiff in the above-captioned proceeding, hereby waives for all time all claims in this action relating to disciplinary sanctions affecting the duration of my confinement in order to proceed with claims challenging the sanctions affecting the conditions of my confinement.

Dkt. No. 10.

Based upon the foregoing, all claims set forth in the complaint related to disciplinary sanctions imposed on plaintiff, which affect the duration of his confinement, are dismissed.

Accordingly, it is hereby

**ORDERED** that all claims set forth in the complaint related to disciplinary sanctions imposed on plaintiff that affect the duration of his confinement are dismissed; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the non-Doe defendants.  The Clerk shall forward a copy of the summonses and complaint to the Office of the Attorney General, together with a copy of this Decision and Order, via electronic mail only; and it is further

**ORDERED** that plaintiff shall take reasonable steps through discovery to ascertain the identity of Defendants John Does 1 + 2.  Plaintiff's failure to timely serve those defendants will result in dismissal of the claims asserted against them and termination of those defendants from the action; and it is further

**ORDERED** that a response to the complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated: July 8, 2026

      Utica, New York

Anthony J. Brindisi
U.S. District Judge